UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES J. REYNOLDS,                                 :

                      Plaintiff,          :          06 Civ. 00843 (KMW) (DCF)

        -against-                              :          **MEMORANDUM
                                                          AND OPINION**

UNITED STATES OF AMERICA, and         :
THE CITY OF NEW YORK,
                                                   :
                     Defendants.
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       By separate Report and Recommendation of today's date, this Court has recommended that the Court grant the August 7, 2006 motion of defendant the United States of America (the "Government") to dismiss the Freedom of Information Act ("FOIA") Complaint of *pro se* plaintiff James R. Reynolds ("Reynolds") for lack of subject matter jurisdiction or, alternatively, to grant summary judgment in the Government's favor on Reynolds' claims.  Also before this Court, however, are two non-dispositive motions:  (1) a motion by Reynolds dated August 24, 2007, seeking leave to amend his Complaint to add new FOIA claims against new parties (Dkt. 15), and (2) a motion by Reynolds dated August 31, 2007, seeking an order from this Court unsealing any documents that may have previously been ordered sealed by "the legislative, executive, or judicial branch of government," thereby rendering them unavailable to him on any of his FOIA requests (Dkt. 14).  Both of Reynolds' pending motions are hereby denied, for the following reasons.

      A.    **<u>Motion To Amend the Complaint</u>**

      This action is based on the alleged failure of the Government (through various federal agencies) to respond adequately to a number of FOIA requests made by Reynolds in 2005.  As

noted above, the Government moved to dismiss the Complaint by motion dated August 24, 2007. While that motion was pending, however, Reynolds moved for leave to amend his Complaint to include FOIA claims against three additional agencies, not implicated in his original Complaint, for their purported failure to respond to FOIA requests made by Reynolds in 2006 and 2007. Specifically, Reynolds requested leave to name the Department of Defense; the United States Army's "Fort Benning, Georgia, Directorate of Information Management"; and the National Personnel Records Center, on claims that they failed to provide adequate responses to FOIA requests Reynolds allegedly submitted to them between November 10, 2006 and March 22, 2007. (*See* Proposed Amended Compl., dated Aug. 24, 2007 ("Proposed Am. Compl.") (Dkt. 15) at ¶ 9-11.)

The Court construes Reynolds' motion as falling under Rule 21 of the Federal Rules of Civil Procedure, as he seeks to add new parties, *see Sly Magazine, LLC v. Weider Publ'ns L.L.C.*, 241 F.R.D. 527, 552 (S.D.N.Y. 2007) (stating that "Rule 21 of the Federal Rules of Civil Procedure governs proposed amendments seeking to add new defendants"), although courts generally adhere to the same standards on such motions as apply to motions to amend under Rule 15(a), *see id.* Rule 21 provides that "parties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Similarly, Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend a pleading under either provision should be denied, however, "if there is an 'apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the

allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (applying Rule 15(a) standard, and quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Sly Magazine,* 241 F.R.D. at 532 (noting that, under Rule 21, joinder of parties should be permitted in the absence of, *inter alia,* undue delay and undue prejudice).

In this instance, Reynolds has sought to add parties to respond to new claims that – aside from the fact that they arise under FOIA – are wholly unrelated to the claims in the original Complaint. The FOIA requests that Reynolds describes in his proposed amendment were apparently made at different times, directed to different agencies, and sought different types of documents than those that are the subject of the Complaint. As the proposed new claims bear no relation to the claims Reynolds originally asserted, it would not facilitate resolution, or be an efficient use of judicial resources, for these new claims to be addressed in this case. *See Sly Magazine,* 241 F.R.D. at 532 ("Under Rule 21, courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources . . . ." (citation and internal quotation marks omitted)); *see also Taylor v. Macomber*, No. 97 Civ. 4127 (DAB), 1999 U.S. Dist. LEXIS 8016, at *18 (S.D.N.Y. May 25, 1999) (denying request to add claims against a new defendant where the proposed claims "did not begin until after Plaintiff filed his original complaint and cannot be considered an extension of any of the prior allegations" and holding that "[l]eave to amend a complaint is properly denied when allegations asserted in the proposed amended complaint do not relate to claims asserted in the original complaint") (citing *Jones v. City of Buffalo*, No. 96 Civ. 0739, 1997 U.S. Dist. LEXIS 10478, at *2 (W.D.N.Y. July 15, 1997); *Smith v. Goord,* No. 04-CV-6432, 2007 U.S.

Dist. LEXIS 10325, at *8 (W.D.N.Y. Feb. 12, 2007) (denying request to amend complaint to include claims against new defendants arising out of events that occurred more than a year after the events in the original complaint on the grounds that proposed new claims were "not sufficiently related to the original claims").

Moreover, it would be unduly prejudicial to the Government for the Court to allow the addition of new defendants after submission of a fully briefed motion for summary judgment. *See Sly Magazine,* 241 F.R.D. at 552 (denying plaintiff's request to join new defendants after the closing of discovery and noting that it would be unduly prejudicial to defendants); *Steinberg v. U.S. Dept. of Justice*, No. 91-2740-LFO, 1993 WL 385820, at *4 (D.D.C. 1993) (denying request to amend complaint to include new FOIA requests made during the pendency of the litigation and noting that "amendment may be inappropriate where, as here, the litigation has reached such an advanced stage as the briefing and argument of dispositive motions.") (citing *Wilderness Society v. Griles*, 824 F.2d 4, 19 (D.C.Cir.1987)).  Concerns over such prejudice have all the more force in light of this Court's separate recommendation of this date that Defendant's motion be granted, and Reynolds' original claims dismissed with prejudice.  *See, e.g., Beatty v. Charkravorty*, No. 93 CIV. 8900 (DLC), 1997 U.S. Dist. LEXIS 14925, at *20-21 (S.D.N.Y. Sept. 30, 1997), *aff'd*, 1998 U.S. App. LEXIS 27566 (2d Cir. 1998) (denying request to amend complaint to add new defendants where summary judgment was granted as to all original defendants).

For these reasons, Reynolds' motion to amend his Complaint is denied, without prejudice to reassert his proposed new claims in a separate action.

B.     **Motion for Unsealing Order**

In Reynolds' second pending motion, he essentially asks this Court to undo unspecified orders of other courts or authorities, to the extent such existing orders (if, indeed, any exist) may be preventing any federal agencies from responding fully to his FOIA requests. Not only is Reynolds' motion wholly speculative on the question of whether there actually is "some sort of seal [that is] legally preventing [the] release" of any documents (Affirmation of James J. Reynolds, dated Aug. 31, 2007, at 1), but, in any event, this Court would not have the authority to alter the sealing orders of other courts or authorities. For these reasons, this motion is denied.

Dated: New York, New York
October 18, 2007

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Kimba N. Wood, U.S.D.J.

Mr. James J. Reynolds, *pro se*
820 Edison Avenue
Bronx, NY  10465

Matthew L. Schwartz, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY  10007